J-S39029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEN ANDREW KOVALESKI | : | |
| | : | |
| Appellant | : | No. 1339 MDA 2022 |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002000-2012

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: DECEMBER 15, 2023**

Ken Andrew Kovaleski appeals *pro se* from the order dismissing his Post Conviction Relief Act petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Kovaleski argues the PCRA court made procedural errors when dismissing his petition, mostly based on his alleged late receipt of documents sent by the court and by counsel. We affirm.

In February 2014, a jury convicted Kovaleski of rape by forcible compulsion, statutory sexual assault, incest, involuntary deviate sexual intercourse with a person less than 16 years of age, involuntary deviate sexual intercourse by forcible compulsion, unlawful contact with a minor, aggravated indecent assault on a person less than 16 years of age, endangering the

welfare of children, corruption of minors, and indecent assault.[1] The trial court sentenced him to an aggregate of 21 to 42 years' incarceration. Kovaleski filed a notice of appeal and this Court affirmed the judgment of sentence. In November 2015, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

Kovaleski filed a PCRA petition in October 2016. The PCRA court granted relief in part, regarding the imposition of mandatory minimum sentences, and denied all other requested relief. In April 2017, the trial court resentenced Kovaleski to 20 to 40 years' incarceration. Kovaleski filed a post-sentence motion and a notice of appeal. This Court quashed the appeal as to the judgment of sentence because the trial court had not disposed of the post-sentence motion, but we affirmed the denial of the PCRA claims. After the trial court denied Kovaleski's post-sentence motion, he filed a notice of appeal of the judgment of sentence. This Court affirmed in April 2019. The Pennsylvania Supreme Court denied the petition for allowance of appeal in October 2019.

In March 2022, Kovaleski filed the instant PCRA petition. He alleged the petition was timely under the newly discovered fact and government interference exceptions to the PCRA's time bar. The trial court appointed counsel.

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3122.1(a)(1), 4302(a), 3123(a)(7), 3123(a)(1), 6318(a)(1), 3125(a)(8), 4304(a)(1), 6301(a)(1), and 3126(a)(1), respectively.

PCRA counsel filed a ***Turner/Finley***[2] letter and petition to withdraw as counsel. The PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing, dated July 7, 2022. The court then granted the petition to withdraw, by order dated July 21, 2022. The court docketed both the notice of intent to dismiss and the order granting the petition to withdraw on July 22, 2022. Kovaleski submitted *pro se* objections to the petition to withdraw, postmarked July 21, 2022, *i.e.*, the same date as the date of the order allowing counsel to withdraw. Four days later, on July 25, 2022, the court received and docketed Kovaleski's objections to the petition to withdraw.[3] In the objections, Kovaleski stated that counsel had informed him that counsel was going to file a petition to withdraw and ***Turner/Finley*** letter, but Kovaleski had not yet received the filing.

On August 23, 2022, the court dismissed the PCRA petition. That same day, the court docketed Kovaleski's *pro se* objections to the notice of intent to dismiss. According to a postmark on the envelope, Kovaleski had mailed the

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (en banc ).

[3] The trial court did not docket the objections until July 25, 2022. The postmark on the envelope states July 22, 2022. Under the prisoner mailbox rule, a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa.Super. 2019). Here, the mailing was postmarked July 22, 2022, which would have been the latest date it would have been delivered to prison authorities, and we therefore consider the objections filed on July 22, 2022.

objections eight days beforehand, on August 15, 2022. Kovaleski filed a timely

notice of appeal.[4]

Kovaleski raises the following issues:

I. Did Lackawanna County Court of Common Pleas err by issuing (on July 7, 2022) a notice of intent to dismiss Mr. Kovaleski's PCRA petition stating that Mr. Kovaleski had twenty (20) days to respond, holding said order and not placing it in the mail for 15 of those 20 days (when mailed on July 22, 2022), and then sending it to the wrong address resulting in Mr. Kovaleski not receiving said order until 32 days after it was issued?

II. Did Lackawanna County Court of Common Pleas err in dismissing his PCRA petition without considering his objections which were mailed approximately ten (10) days after receiving the aforementioned notice of intent to dismiss and deemed filed pursuant to the prisoner's mail box rule?

III. Did Lackawanna County Court of Common Pleas err [by] withdrawing Mr. Kovaleski's attorney from the proceedings five (5) days before he received a copy of the **Turner/Finley** letter and petition to withdraw which denied him an opportunity to review and reply to these filings?

IV. Did the Lackawanna County Court of Common Pleas err and blatantly falsify the record when it stated in its August 23, 2022 order that [Kovaleski] has not objected to counsel's petition to withdraw even though the docket sheet proves that Mr. Kovaleski filed a *pro se* objection to withdraw and motion to proceed *pro se* on July 25, 2022, which was before the petition and **Turner/Finley** letter was even sent to him?

V. Did the Lackawanna County Court of Common Pleas err in not recusing the trial judge from the PCRA proceedings

---

[4] In February 2023, this court remanded for the filing of a Rule 1925(b) statement and the issuance of a supplemental Rule 1925(a) opinion, reasoning that the trial court docket did not indicate whether the Rule 1925(b) order had properly been served on Kovaleski.

when legitimate questions of judicial bias exist and are compounded by the trial judge's refusal to appoint a private investigator and playing the aforementioned games with filings and mailings which violate due process, fundamental fairness, rules of civil and criminal procedure, and rights of access to the courts?

Kovaleski's Br. at 3, 5, 6, 7, and 7-8.

The issues raised by Kovaleski in his brief challenge the procedure for addressing his PCRA petition. He does not allege that the PCRA court erred in dismissing the petition as untimely.

Kovaleski alleges the trial court "falsely claimed [he] had not objected to the petition to withdraw." *Id.* at 3. He claims the trial court "deliberately withheld" the notice of intent to dismiss the petition for 32 days, alleging the court issued the notice on July 7, 2022, but did not place it in the mail until July 22. *Id.* He claims this denied him an opportunity to respond. He further claims the court mailed the notice to the wrong address, noting the court mailed the document to St. Petersburg, Florida, which was his address for non-privileged mail, rather than the state correctional institution ("SCI") address that he states is for legal and privileged mail. Kovaleski claims that once he received the notice of intent to dismiss, he prepared a response, which he mailed on August 15, 2023. He faults the PCRA court for not considering the response before denying his petition.

Kovaleski next claims that on June 22, 2022, PCRA counsel called him to inform him counsel would be filing a *Turner/Finley* letter, and counsel subsequently sent a letter. Kovaleski claims that before he received the letter, he filed *pro se* objections and a motion to proceed *pro se*, but noted the

objections were boilerplate because he had not yet received counsel's petition to withdraw or ***Turner/Finley*** letter. He claims he did not actually receive counsel's filing until July 26, 2022, after the court had granted the petition to withdraw. He argues it was error to grant the petition before Kovaleski had received it. He further claims that the court erred in claiming he had not filed objections to the withdrawal, stating that the court's statement that he had not filed objections was "the latest in a long list of documented lies by [the] trial court." ***Id.*** at 8.

Finally, Kovaleski states that "[d]ue to the trial court's constant manipulation of rules of procedure, withholding of mailings until the last minute, and all the underhanded tactics shown by this court toward Mr. Kovaleski, [he] prays that this Honorable Court order an investigation or take other action deemed necessary and appropriate under the circumstances." ***Id.*** at 9.

Kovaleski's procedural claims lack merit. Contrary to his contention, the trial court issued the notice of intent to dismiss on July 22, 2022, the same date the court mailed the document to him, not on July 7, 2022. Although the document was dated July 7, the time-stamped date on the document was July 22, 2022, and that is the date it was filed of record. Further, Kovaleski failed to establish the trial court should have mailed the notice of intent to dismiss to the SCI address, rather than the Florida address. ***See generally Wishnefsky v. Pa. Dep't of Corr.***, No. 191 M.D. 2021, 2023 Pa.Commw.

- 6 -

Unpub. LEXIS, at *2 (Pa.Cmwlth. May 19, 2023) (unpublished disposition).[5] Moreover, Kovaleski filed a generic response to counsel's request to withdraw and did not respond to the substantive basis for withdrawal. Therefore, the court's statement that he had not responded to the petition to withdraw was not error.

Further, although the court did not receive Kovaleski's response to the notice of intent until after it denied the petition, nothing in his response to the notice would have altered the trial court's conclusion that the PCRA petition was untimely. Even if Kovaleski did receive the filings late, and any of his late filings could be justified, he has failed to explain in this Court why he is entitled to PCRA relief. Further, he has failed to support his allegation that the trial court is biased and should be removed. He has also abandoned any claim that the court erred in denying his PCRA petition as untimely by failing to present any timeliness argument in his brief to this Court.

Even if he had preserved a claim that the court erred in dismissing the claim as untimely, we would conclude the court properly dismissed the petition. On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

_____

[5] We note that PCRA counsel mailed the petition to withdraw and **Turner/Finley** letter to the SCI address, not the Florida address.

A petitioner has one year from the date his judgment of sentence is final to file a first or subsequent PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

A court may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of three statutory exceptions. The exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

Here, Kovaleski's judgment became final on February 8, 2016, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See id.*** at § 9545(b)(3); U.S.Sup.Ct. R. 13(1) (stating "a petition for

a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").[6] He therefore had until February 8, 2017, to file a timely PCRA petition and his petition filed in March 2022 is untimely.

Before the PCRA court, Kovaleski claimed that he satisfied the new fact exception to the PCRA time bar because in March 2021 he received the file from his first PCRA proceeding and discovered that his PCRA counsel had been ineffective. He further claimed that he satisfied the government interference exception to the PCRA time bar based on alleged misstatements made by the trial court at the July 2014 sentencing hearing.

The PCRA Court held that the discovery of PCRA counsel ineffectiveness does not satisfy the new fact exception to the PCRA time bar. PCRA Court Opinion, filed Mar. 22, 2023, at 5 ("1925(a) Op."). This was not error. **See Commonwealth v. Bradley**, 261 A.3d 381, 404 n.18 (Pa. 2021) (declining to adopt an approach that would deem the discovery of initial PCRA counsel's ineffectiveness to constitute a "new fact" unknown to petitioner under the time bar exception).

---

[6] Kovaleski's claims relate to the original trial and sentencing proceedings and therefore the judgment of sentence became final in 2016. **See Commonwealth v. McKeever**, 947 A.2d 782, 786 (Pa.Super. 2008) (for PCRA purposes, for claims related to original proceedings, the judgment becomes final after direct review of the original judgment of sentence concluded). Even if Kovaleski's claims related to the re-sentencing proceedings, they still would be untimely because the petition was filed more than one year after that judgment became final in 2019.

The PCRA court further held that even if it had made misstatements at the July 2014 sentencing hearing, which it denied, Kovaleski was present at the hearing and would have known of any false statements. He therefore he could have presented the claim at an earlier time. 1925(a) Op. at 5. The PCRA court did not err in finding Kovaleski failed to timely allege this claim. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i); ***Commonwealth v. Rizvi***, 166 A.3d 344, 349 (Pa.Super. 2017) (finding petitioner failed to establish government interference because, among other things, he failed to explain why he did not ascertain the alleged interference earlier with the exercise of due diligence). We further note that Kovaleski has not explained how any alleged misstatement at his sentencing interfered with his ability to present any PCRA claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023